and Mr. Martin, whenever you're ready, we'll hear from you. May it please the court, Jared Paul Martin, on behalf of Michael James Patterson. This case involves core protections of the due process clause. Mr. Patterson's due process rights were violated. The district court failed to state the evidence and the reasons it relied on when revoking his supervised release and sentencing him to the statutory maximum term of 39 months. This serious due process violation infected the integrity and fairness of the remaining revocation proceedings and underscored the court's additional errors. All of these errors preclude meaningful review and undermine accurate fact-finding. Thus, this court should vacate the district court's revocation of Mr. Patterson's supervised release and remand the case. I'd first like to... This was a guideline sentence, wasn't it? Yes, Your Honor. This was a guideline sentence. And all the facts giving rise to his prior revocations and his prior use of failing tests and various violations were all brought to light to the judge, right? I mean, we're under a revocation, and as you know from, nobody cited it, but from our Gibbs case, which is a recent case, we pointed out that this is not a sentencing. He's already been sentenced. This is imposing a sanction for a breach of trust and where there's a lot of discretion. And we don't require much to be said, but in this case, we know what the judge did, didn't we? We all did. You just have to read the transcript. Well, Your Honor, as far as the sentencing procedural error that we have raised, under which the court must address in its non-frivolous mitigation arguments. I know that's what Slaffy said, but since Slaffy came out, there was Chavez Meza from the Supreme Court. Nobody cited that either. And of course, it said you only need to consider, you don't need to address. And we have said two or three times since Slaffy that just has to be evidence on the record that the court considered the arguments. And as a matter of fact, Supreme Court Meza noted that if the record shows the court listened and heard the arguments, it could just simply say approved or denied or whatever. I mean, too much is said about that. The whole issue about requiring some court to address or to consider is for us to be informed about what the district court was doing so we can decide whether a committed error. But here, we have a within guidelines Senate, so to speak. It's a revocation situation where there's a lot of deference to the court. And you have not only have to show it's unreasonable, but clearly unreasonable. And plainly unreasonable, I think, is the standard. And we meant those things when we said them. And I'm not quite sure what you think was not explained. What did the court not know about that it should have known about? Right. So I'm going to try and address the court's concerns. My question is not so much particular. It's more of the generality. I mean, the idea that mechanically the court didn't say something, and therefore, we're going to vacate what the court did. I don't quite understand what you wish us to do, how we're going to run these revocation hearings. Right. I believe, Your Honor, that this court was very clear in Slappy that... Use of the word address is overstated in view of the Supreme Court's subsequent decision in Chavez-Mesa, and in our subsequent decision, which applied that standard in Gibbs, which only came out last summer. Your Honor, as far as the Chavez-Mesa, I kind of have three thoughts about that case. First of all, that's an 18 U.S.C. Section 3582C case. But it talked about sentencing generally. Yes. And the sentencing standard is higher than the revocation standard. In that case, Your Honor, the judge had certified on a form that he had considered Petitioner's 3582 motion. And here, the district court didn't say that he had considered Mr. Patterson's non-frivolous mitigation arguments regarding his employment and his family's support. And this court has repeatedly held in Blue, Slappy, Carter, Ross... Blue is a sentencing case. I can't understand why the bar is just constantly overlooking the difference between a revocation process and a sentencing process. This man, Mr. Patterson, was sentenced. He was given all the reasons for his sentence, and his sentence unsatisfied due process. The question on revocation is whether that sentence, which was imposed, should be changed. And it's basically a breach of trust is what the guidelines and the courts have said. And this is a sanction for that breach of trust. And when the guidelines make a suggestion, but here, the court followed that suggestion. 39 months was the suggested time, and the question to why the court did it, do we? I think we do, Your Honor. There just isn't an individualized consideration here that's required under this court's precedent. As far as Mr. Patterson's employment and family support... So just from a practical standpoint, explain the rationale that the district court was asking. A lot of defendants have had a job. This particular defendant also gave the reason he wanted to get out early to see his grandchildren. Why are those reasons that would affect the sentence? Well, Your Honor, first of all, those are non-frivolous mitigation arguments. How is that a mitigation argument? The defendant says, I have a family. Why is that a mitigation argument? I mean, he's not arguing, I need to be out because I have to support my family. That might be a mitigation argument. But as I read the transcript here, all it says is he has a family and he has a job. And there's no argument that this individual is crucial to some segment of society because of a particular job that he has or some other ameliorative effect. And that's what I'm not understanding. I mean, if a defendant says, which it appears to be is what is said here, I have a family and I have a job. Why does that affect the sentence? And in answering that, can you add that doesn't the defendant have to explain why? I mean, maybe we could hypothesize a reason now, but just saying I have a family without explaining why it's mitigating, right? It's not a non-frivolous mitigating argument, is it? Well, I believe that it was a mitigation argument. I would direct the court's attention to Joint Appendix pages 256 to 258. And the defense counsel argued that the variance of departure was, and I quote, supported by the 3553A factors. And then she went on to outline the reasons under 3553A that supported a lesser sentence than what the guidelines recommend. Counsel argued that Mr. Patterson was employed during supervision. He was doing janitorial work and had the ability to continue in that line of work. Counsel also argued that Mr. Patterson had strong family support. Okay, so why is the fact that the defendant has a job a mitigating circumstance for sentence? Right. Your Honor, my answer is this court has repeatedly held that employment is a non-frivolous mitigation argument. The court held that in Slappy. The court held that in DeLue. I believe the court held that in Ross also. And I think it makes sense that someone's employment- Why does it make sense? I mean, it doesn't change. Everybody is taken out of life when he's sentenced. Families are sentenced. How often do you, in a district judge, say that I'm sentencing the family because the society and the loss of the husband going to jail and the wife's there with two children in the courtroom? That's a mercy argument, but it doesn't suggest that because the person is pulled out of life, he ought to get less sentence. And I think the questions are, are these, all these reasons, three reasons basically that were given, were basically inconveniences or pleasures that were being taken away from him. I think I have two responses to the court's questioning there. And first of all, family support and employment that this court has held are non-frivolous because, and I think that's because they're very, they're extremely relevant under 3553A. An individual's family and employment- Well, you're mandating that we address it in virtually every case because that's virtually every case. Every defendant has had, very few defendants have not had employment. Very few defendants don't have a family. Well, I don't know that I would, I see a lot of cases, Your Honor, and a lot of cases- I do. I see, we've seen hundreds. Thousands, of course, Your Honor. But, you know, I see a lot of clients unfortunately who struggle with maintaining gainful employment, but Mr. Patterson didn't. And I think an individual's family and employment are really core to their identity and characteristics. So that goes right to the heart of 3053A. And family support and employment provide stability, create meaning in one's life, and help to provide rehabilitation in the most effective manner. These tremendous, the tremendous benefits of family support and employment, thus also help to ensure the safety of the community. So I feel like these factors are so tied to the 3553A factors. That's why this court has repeatedly recognized that a district court judge must address these issues. That court's error is plainly unreasonable. And, Your Honor, basically the government asked this court to presume that the guidelines- Let me ask you this, just why does it violate SLAPI, except SLAPI uses the word address instead of consider. If the right standard is the district court considered everything that was done, the record's pretty clear that that stuff was presented to the district judge and he considered it. I mean, there's nothing to suggest he didn't hear it or didn't say, I don't want to hear it. The arguments were made to the court, right? Your Honor, I would direct the court's attention to Carter. And in Carter- No, no, just answer my question about whether the court considered it. I don't think the court considered it, Your Honor, because he didn't address it. The party, you know, defense counsel raised it. So your argument continues to be that the court has to address it, despite all these cases that have been subsequent to SLAPI, including the Supreme Court. Yes, Your Honor. I believe under Carter and SLAPI, the court cannot presume that the district court considered those arguments because that doesn't provide meaningful review and individualized assessment as far as the initial arguments that were presented. If I may, I'd also like to talk about the district court's violations of Mr. Patterson's due process rights. The Due Process Clause guarantees that no person shall be deprived of life, liberty, or property without due process of law. In Copley, this court held that a district court must make a statement of the evidence and reasons for revoking. And the court does that here. And the purpose of these minimum due process requirements is to ensure accurate fact-finding and to provide an adequate basis for review by this court. And this case really exemplifies the need for a statement of evidence, because the district court here said it was a Joint Appendix 254-255, that this was a close call, that the government tipped the scale out back slightly for the purpose of evidence finding, and that Mr. Patterson was not guilty beyond a reasonable doubt. And so without a statement of evidence and reasons, we are allowed to speculate as to the court's, as to the accuracy of the court's findings and legal analysis. And we know that the district court failed to state the evidence and reasons it relied on, because the district court actually stated its misapprehension of the law. On page 254 of the Joint Appendix, the court stated, there shouldn't be specific findings with regards to whether or not a violation has been committed or not committed. And that's a clear violation of what the Supreme Court and this court has held. It's a violation of due process, as is recognized by this Supreme Court. And we believe that this court should correct the district court's misunderstanding of the law. This district court judge is operating under a misapprehension of the law that should be corrected. And our office did look into how many revocation cases this particular district court judge has adjudicated. And this district court judge has adjudicated, we determined, more than 100 revocation cases. So under those circumstances, the district court should not be operating under misapprehension of the law. This court should correct the district court's misapprehension of the law, because that misapprehension... Do we have a case, sort of to go back to Judge Agee's question, do we have an instance where this court has held that an undifferentiated statement that I have a family, or the defendant has a family, and the defendant at least had a job, I can't remember whether it's present tense or past tense, but that those statements standing alone were sufficient, without connecting them in any other way, are sufficient to establish a non-frivolous ground for departure, or variance, or a lower sentence? Yes, Your Honor. What are those cases? I would direct the court's attention to Bleu and Slappy. So Slappy, for sure, did not address any of those arguments. Just having a family, and having previously had a job, did it? Yes, so in Slappy, may I continue? I'm sorry, I have the red light. In Slappy, one of the cases had employment history, good employment history, and this court held that failure to consider that was plainly unreasonable. And I'd also direct the court's attention to Bleu and Ross, I believe also look at employment as a non-frivolous... Well, Ross said, consider, address, or consider, and Bleu was a sentencing case, original sentencing. We'll hear from you on rebuttal. Let's hear from Ms. Ray. Thank you. Thank you, Your Honors. May it please the court. I guess I'll begin with the reasonableness, procedural reasonableness of the sentence. Chavez Meza did say that as long as the court can tell, it's basically about whether there's enough for this court to conduct a review. And as long as the court can tell from the record and the whole record that a court considered the arguments, that's sufficient. I don't know of any case in which a court found employability or family circumstances to be enough. Slappy involved, I think, six arguments that the court didn't consider. And of course, as Judge Niemeyer, as Your Honor has pointed out, Chavez Meza and Gis both were after. Does Chavez Meza, and I apologize, I don't have it in front of me. Doesn't Chavez Meza make some comment about, listen, we're going to leave this up to the Court of Appeals to sort of make their own, I guess, supervisory stance on these issues? I mean, help me understand why that shouldn't suggest that it doesn't do anything to Slappy. Well, I guess, first of all, to answer the first part of it, yes, the court says, as long as the defendant considers it enough. And that is an interesting statement, and I think that, but... Tell me what you think that may mean. Help me try to parse through that, right? Well, I really appreciate it, because I think what it brings is a level of sort of practical reality. It's not a matter of whether every single little fact about the defendant is what that implies is, look, as long as the appellate division, the court looks at it and says, yeah, I get an idea. I know why the judge did this. The judge explained enough in the context of the record. Both those two things together, not just one, not just the explanation, but also the context of the record as a whole, as long as this court can say, we understand why, and that the court conducted an individualized assessment under 3553A, and I would respectfully suggest, respond to arguments that are tied to 3553A, not just facts, but this relates to deterrence, or this relates, and that was an issue in blue, for example. There was an argument that was specifically made about deterrence that was not addressed, or it may have been considered, but it wasn't addressed. Well, in this case, defense counsel says, Your Honor, talking about a variance or departure, Your Honor, it's supported by the 3553A factors, and then he goes on to say, my client has a job, my client has a family. Right. If that's insufficient, what else would the defendant be required to say, as in, what makes having a family, what makes having a job, an ameliorative factor? How far would you say the record would have to go to make that something that's cognizable on appeal? I would say this. After Chavez-Meza, I don't think the court has to say anything about a particular factor if it's just a fact. If the defendant were to say, I am employed, and I have a family, and that's part of my nature and certain characteristics, and that should outweigh maybe, but I have to say that particularly in the context of a revocation sentencing, I don't think that's enough. It has to be plainly unreasonable, and I haven't seen this court say that articulating a single factor or failing to articulate why that factor is not enough, a single factor, when the court also addresses other 3553A factors. It's different when a court simply says, I'm going to impose this sentence, period. And that's what happened in Slappy, essentially. This is it. Here you go. This judge went through 3553A factors. He talked about the seriousness of the offense, particularly Mr. Patterson's numerous violations, failing to show up, failed drug tests, previously having brought drugs into the prison. He talked about seriousness of offense, and he talked about deterrence. So this isn't a judge who wholly ignored the 3553A factors. I think if a defendant made 3553A tied the facts to those factors, and the court simply said, you know, I'm giving you 51 months. Maybe that would be unreasonable. What about, just as a hypothetical, what happens if you have a defendant, counsel says, here's the defendant, they have three children under five, he's got a job, if he goes to jail, there's nobody to support the children, they're going to lose their home, all these other things are going to happen. In that hypothetical, what would the district court judge be required to say to that when they make it as this is a rationale under 3553A to mitigate my sentence? I think, Your Honor, and I know this is a little squishy, but I think it's a whole record review. So it would depend on what else the court said. If the court said nothing else and only said, I'm imposing this sentence, it wouldn't be enough. But if the court considered other factors and was there to hear the argument, I think this court could say, yeah, we're satisfied that the court engaged in the individualized assessment that's required. Now I will note that I don't think, as sad as it is, I don't think that the consequences to the family have anything to do with the nature and characteristics of the defendant. So I'm not sure what 3553A factor that goes to. Oh, he's the breadwinner. That's the nature of his, you know, I mean you could make the argument, right? I mean, I suppose, but I guess I think of nature and characteristics as mitigating because now employability, I would say, is closer. But the sheer impact of having committed a crime and being imprisoned on other people, I'm not sure that that is well, I'm not sure I'm not saying it would be error to consider. The Supreme Court said that that is a factor in capital cases, right? The impact of executing a defendant, the impact that that would have on his family is mitigating. So that seems like an example. I get that that's not exactly analogous, but it seems like if it's mitigating there, I'm not sure why it wouldn't be in some sense mitigating here. And I'm not suggesting a court couldn't consider it. I do think that it's helpful and important for this court, though, to require defendants not just to state a string of facts and then hold the district court to have error when it didn't go through and discuss every single fact. I think it has to be tied to a 3553A factor. And more importantly, I think the court has to, what Chavez-Mesa is, hey, let's take a big look at this. As long as the court did an individualized assessment and this court is satisfied that it considered the arguments, that's enough. So going to that point, help me understand the sort of argument of what I ought to be looking at in the district court to suggest that the district court considered, assume for hypothetical that it was required to consider, the employability and family impact. Is there really anything in the record that suggests that it affirmatively gave indication that it considered those two arguments? It never addressed those arguments. Well, just a minute. In Mesa, the argument was educational program. And the court just checked the box, says I've considered the 3553 factors. And that's exactly what the court said here, is I believe that still is sufficient to fulfill the factors for sentencing under section 3553A to the extent that the statute applies to revocation. Right. I mean, if that is in spades, covers Chavez. It does. So I'm not suggesting that the district court's lack of specificity with respect to those particular arguments is at all a problem, because it's not. She's accepting my hypothetical. I mean, I understood what you were saying is... Yes, I'm accepting, yes. I'm walking you down maybe a slightly different road. The difference in Chavez Mesa is it does check the box saying it considered the motion, right? And the motion is what made the argument that was described. Well, I think the box, and I don't have it with me, but I think it was considered the 3553A factors. And the district court did say that. On the sentencing form, in other words, there was a motion for a variance or a departure. Right. And the court simply checked the box on the sentencing form. It's in every sentencing form that says he considered the 3553A factors. Exactly. So I don't know that there was... And the Supreme Court said that was adequate. That's right. Sorry to interrupt, Your Honor. I don't think there was a specific box that said, I've considered the motion. I think it was, I've considered the 3553A factors. But, you know, that's part of what, with all due respect to the sentencing jurisprudence, has, you know, makes you a little, me reviewing these things a little bit crazy sometimes, because the court is there. The court is listening. It sort of presumes that district judges are sleeping through this or something, and they're not. They're listening. And so then they say, I've considered the 3553A factors. So to me, when we look at Chavez-Lopez and we look at Gibbs, what we ultimately conclude is, as long as there is a 3553A analysis that seems to be faithful to the arguments made and... Doesn't Gibbs include the sort of like, I don't know whether it's alright or okay or something? Yes. I mean, the Gibbs court, and I don't mean to speak for it, somebody up here knows a lot more about it than I do. But the Gibbs court seems to rely upon this idea that, like, there was some indication that that argument was being considered. And I accept, as a matter of first principle, your frustration with these cases. You may have to take that up with somebody other than this panel. Sure. But it seems like Gibbs draws that line that there's some indication that it was considered. I agree. It doesn't have to be addressed, right? That's what Chavez-Meza tells us. That's what Gibbs tells us. But our other cases, including Slappy, red in light of those, suggest there has to be something that indicates that it was considered. It's hard to see what that is here, if that's the standard. Now, maybe it's not the standard, but if you have to have some affirmative showing that it was considered, and it may be as little as saying, all right. You know, at the end of the day, Judge Richardson, I think it is, can this court be satisfied that the court looked at everything and made a reasonable decision? The district judge in Gibbs didn't give the kind of detail that Judge Reininger did as he went through the I recall. And so, in fact, it prompted probably the government to say, what about this factor, Your Honor? Do you want to mention this? And he says, yes, I've considered it. Yes, I've considered it. And so, yeah, the court in Gibbs talked about that, but the court didn't have the benefit of a district judge who had actually gone through a number of the factors as Judge Reininger did in this case. But the challenge with that, I think, for your argument is that serves to distinguish Gibbs and put us back in a box where it says, yeah, gave a great explanation, right? But that explanation doesn't, on its face, show that it considered these two arguments. And I'm, except that I understand as a matter of first principle that that is not a great idea. But it does seem like our prior cases, including Slappy, suggest there has to be something affirmative. And Gibbs seems to support that by sort of pointing to this, all right, or whatever the language. You know, with all due respect, I don't think it's that clear. I don't think, in other words, that Gibbs, I think Chavez Meza pulls us back a little from Slappy and Blue. And I want to note that this is a revocation sentence. So Gibbs was not. And I think it's important to note that the standard of review here is different. But I also think that if you look at Chavez Meza, it did not require that kind of explicit statement on the record that I have considered every single argument. It doesn't say that. And Gibbs may have relied on that, but I don't think Gibbs also says, in every single case, you have to explicitly state that. But maybe in Gibbs you did because otherwise the explanation didn't feel individualized enough. So when you say Chavez Meza pulled us back from Slappy, is your position that it overruled it insofar as it? I mean, that's the challenge that I've got. I mean, maybe it's hard to put those two together, but it's not impossible. I don't think it's impossible. And I don't think it overruled. But I think it clarified that as long as a district court considers it, it doesn't have to explicitly address every argument. The only hang up that I think causes difficulties, and maybe Judge Richardson's right that there is just a read on it, but Slappy, instead of using the word considered, used the word addressed. Right. And you have to address instead of consider. And the Supreme Court after that still says consider is the right action. And you can then look at the record and see whether there was consideration including listening to the arguments. Because apparently that was the argument made that the court listened to what was being done. And so the only tension that we would have to address is whether the word addressed would suggest something addressed each argument made, non-frivolous argument made, as opposed to consider each non-frivolous argument. I think Slappy really intended, because nothing was said in Slappy. Right. It was just a blank slate. And so when the court's saying addressed, he basically said, you have to put something in to show you considered it. That's the way I would sort of read it, but it's not coming across that way. And so there is this tension that's revealed in this argument here. Do you have to address it or is it enough to show that you considered? That's right. With the gloss that this is a revocation sentence, it has to be plainly unreasonable, not just a little bit unreasonable, not just technically unreasonable. Well, Slappy was a revocation, but Gibbs was too. And Chavez talked about original sentencing, even though it was a special sentence. My mistake. I was thinking that Gibbs was an original sentence. So if it was a revocation sentence, my bad, my apologies. Got it. So I would say about Slappy that the district judge said nothing and there were six arguments. So, I mean, I think they're distinguishable in various ways. They're distinguishable in the holding. The rub is, do we get locked in as a practical matter to the word address or should we indicate that the record means to show enough that the judge considered it in reaching it? And if he says nothing, we call it, we find it. Slappy properly said it's problematical. Right. And it would be. And so I appreciate the distinction between sort of the term address and the term consider and how that might be different. I think that to me, the breath of fresh air that I got from Chavez Meza was, you know, back up and just make sure that it's that you can do an adequate review. Well, Chavez's case clearly pointed out that consideration was, as a matter of fact, just checking a box saying I considered three, five, five, three's enough. That's in general sentencing. Now, the question is when somebody's already been sentenced and given the reasons, which is the case in a revocation. Right. Do we. Anyway. Yes. And so before I sit down, I want to make sure that I touch briefly on the other two issues. In terms of the adequacy of the court's finding of revocation, this court in Copley says a transcribed oral finding of revocation can serve as a written statement when the transcript sort of makes clear, enables this court to review the basis of the decision. I'd like to point the court to page 254 of the joint appendix, where at the end of the argument, and it was extensive, long arguments about whether or not the defendant committed this violation of possessing Xanax and fentanyl. At the very end of that, the court asks the parties if they had anything more to say, particularly regarding the credibility of Mr. Perry. So the court made quite clear that it was the credit, his decision was going to turn on the credibility of Mr. Perry, and it did. And that's what the evidence establishes. I don't disagree that I. Was that more for the filing, finding the violations of five and seven? Yes, yes. And those were the only two that were contested. And so, you know, I don't really know why Judge Reininger stated that he didn't need to make specific findings. I haven't figured out exactly what Fourth Circuit authority he was referring to there. It almost makes you think that he misspoke or the court reporter got it wrong. It's quite possible. Definitely not correct. It's an odd thing to say. Now, with respect to standard of review, though, because there has been a dispute among the parties here about what standard of review applies, I would respectfully suggest that when a district judge makes a statement like that, if in fact that's the statement he made and the defendant stands silent and doesn't say, well, no, actually, we want findings, we want to understand the basis of the court. But in any event, here we know why. How is that consistent with our, I mean, I get your argument on plain error, but it does seem a little inconsistent with our cases in the procedural error sentencing generally, where we say, you know, you just have to ask for what you want. You don't have to object that they, you know, dotted their I's and crossed their T's. Is the difference here that this is a standalone due process argument? Yes. Help me understand why that should make a difference from our standard procedural sentencing cases. Because it's not a procedural sentence error, exactly. I mean, it's a, this is a finding of revocation. This is, he's saying we didn't give enough on the actual violation itself. And this court always requires that a court object to any due process violations or any other kind of error. And here the district court said it. Now, we don't need the plaintiff. Do we have cases, are there, do we have cases in the Fourth Circuit that suggested that a due process violation for failure to explain has to be objected to separately from the request for the underlying merits? I don't know of one, Judge Richardson, but I don't know. Either way, I think under either, and I see my time's about to expire, if I can just sort of close quickly. Under either standard, the record makes clear why the court made this determination. And on the issue of whether or not the district court clearly erred, this court would have to hold essentially that the credulity determination as a matter of law was wrong. And there was plenty of evidence in the record to support the court's finding by preponderance of the evidence that Patterson possessed that heroin, or fentanyl, and Xanax with intent to distribute. If your honors don't have further questions, we respectfully request that the court confirm the report. Thank you. Mr. Martin. Thank you, your honors. I have a couple of points I would like to make. First of all, we're requesting that this court correct the due process violation in this case of the district court's misapprehension of the law, as you stated. What is the due process violation in particular? Your honor, in Copley, the district... No, no, tell me in this case. What is the due process violation? In this case, the district court failed to state the evidence and reasons it relied on when it revoked Mr. Patterson's supervised release. And that's clear law. That's what the Supreme Court requires, and that's what this court requires. And the court failed to do that. The government seems to insinuate that the court's questioning during the hearing is sufficient, but it's not. That was questioning. I would direct the court's attention to the joint appendix, where the court basically stated that he was playing devil's advocate with defense counsel. He was asking questions. So that questioning just does not amount to a statement of evidence, which is required under Copley. What about the district court's comments on page JA-265? Admittedly, he's addressing not five and seven, but the others. And notes that this is particularly involved evading and avoiding not just a couple of drug tests, but actually 24 drug tests. And that really undermines the ability of the probation officer to try to redirect any defendant who has a substance abuse problem. I mean, he certainly addressed those. Yes, your honor, he did address those. But what he didn't address, and where there was no individualized assessment, is Mr. Patterson's employment and his family. Well, that's sentencing. That's not the revocation, right? Correct, yeah. I thought this was a question on the revocation. I apologize, your honor. Right, because you're still on your due process argument about specific findings. Sure. So yes, he pled, Mr. Patterson admitted violations one and two. But the problem with the due process is this court has held, I'm sorry, the Supreme Court has held in Romano that the district court must make a statement of evidence of reasons, and I quote, with respect to any alleged violation. And so we didn't challenge on due process grounds violations one and two, but we did on five and six. Because, and that's why the hearing occurred. The court just made no reasons whatsoever in finding him guilty. I feel that the government's asking us to make a lot of assumptions. If on page 254, if the court had said that there should be specific findings instead of there shouldn't be specific findings, you would still argue that there weren't sufficient statements about five and seven? Yes, your honor. If he would have said there should be specific findings, I think it's reasonable to infer that he would have then explained and evaluated the evidence. Well, what about the fact that there are 24 failures, and the court also said, I believe Perry. It's a credibility question, and I'm believing him and his testimony. Those are reasons, aren't they? Well, I don't, your honor, I don't believe that the district court stated that he believed Perry. He didn't say anything about Perry as far as a statement of evidence and reasons he relied on. We just don't know. And so what the Supreme Court and this court really looks at is this court's ability to conduct meaningful review and accurate fact finding. And the problem is the district court judge in this case could have possibly found him guilty for, based upon an erroneous fact, an erroneous view of the law. We just don't know. And that's why the Supreme Court and this court requires a very minimum due process requirement, a statement of the evidence and a statement of reasons. And we just don't have that here. And the court's statement explains why we don't have it here, because the district court felt that he was precluded from giving that explanation. Let me switch over to the sentence part. If the district court had added a sentence to the effect of, I have considered all the arguments offered by the defendant under 3553A, and I don't find those sufficient to alter the guideline sentence. Is that sufficient? That would be, I believe, closer. But we don't have that here. Well, would the district court have needed to say something more than that? I think the district court, I think under Slappy, Your Honor, and I keep going back, I think under Slappy the court has addressed the non-frivolous mediation arguments around employment and family support. What does it have to say? In other words, if the Supreme Court said when a motion was based on education, and the guy says, I'm now educated, and the court said, I've considered the 3553 factors in response to that, and the Supreme Court said that's fine. Here the court said, in light of the nature of the violations, the guideline might be considered somewhat low because of the application of the statute. But I believe that it still is sufficient to fulfill the factors for sentencing under section 3553 to the extent that the statute applies to revocation proceedings. Now, that is exactly what was approved in the Supreme Court. And what else should he say? 3553 factors include all those individualized considerations. And I don't think here that we really even have what Chavez-Meza had. And I would direct this court, because in that case of the original sentencing, the court had adequately explained it. And my colleagues, and my time's up. I apologize, Your Honor. Well, you take one more minute. Yes, ma'am. Yes, sir. My colleague mentioned that under 3582C2, it actually has less protections than a revocation hearing. So I feel like in this case, I would ask the court to look at the Martin decision, which also evaluated 3582, and said that a district court cannot ignore a host of mitigation evidence, and similarly deny a motion to reduce a sentence, and leave both the defendant and the appellate court in the dark as to the reasons for its decision. I feel like here we're left in the dark as to the individualized assessment of Mr. Patterson's employment and family support. And that requires remand, because that's plainly unreasonable under SLAPI. And I would also note that the court didn't engage and didn't tailor the sentence, and there was no indication that these arguments were considered. Well, the court said, he said, the circumstances justify a larger sentence, but I'm going to stay within the guidelines. And if I didn't have to, if I had to go lower, I would do an upward variance. I mean, anyway, I understand your argument. Thank you, Your Honor. And if I may respectfully request that the court expedite the decision. We gave you the extra minute. What do you want now? I apologize, Your Honor. If I may, just quickly on behalf of my client. Yes. His release date is July 9th of 2020, and so we would respectfully request that the court expedite a decision in this case, if possible.  Thank you very much, Your Honor. Yes, sir. All right. We'll come down and greet counsel and then proceed on.
judges: Paul V. Niemeyer, G. Steven Agee, Julius N. Richardson